**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

JOSE AUGUSTIN PADILLA-GONZALEZ,

**Plaintiff**,

v.

LOCAL 1575, INTERNATIONAL
LONGSHOREMEN'S ASSOCIATION,

**Defendant.**

**Civil No.** 07-1291 (FAB)

**OPINION AND ORDER**[1]

BESOSA, District Judge

Before the Court is plaintiff Jose Augustin Padilla-Gonzalez's ("Padilla-Gonzalez") motion to remand for lack of subject matter jurisdiction.[2]   (Docket No. 3)   The defendant, Local 1575, International Longshoremen's Association ("Local 1575") opposed the motion.  (Docket No. 4)  For the reasons discussed below, the Court hereby **GRANTS** Padilla-Gonzalez's motion to remand for lack of subject matter jurisdiction.

**Procedural Background**

On December 6, 2006, Padilla-Gonzalez filed a complaint in Commonwealth court alleging that Local 1575 owed him money for his

---

[1]  Whitney L. Meier, a second-year student at Georgetown University Law Center, assisted in the preparation of this opinion.

[2]  Although plaintiff styled the filing a "motion to dismiss," it is actually one to remand the case to state court.  Cases improperly removed from state court are remanded upon a finding that the Court lacks subject matter jurisdiction.  See 28 U.S.C. § 1447; Armstrong v. Armstrong, 508 F.2d 348, 350 (1st Cir. 1974).

work as president of the union in violation of Puerto Rico law and Local 1575's constitution and rules.[3]  (Docket No. 1-4)  On March 27, 2007, Padilla-Gonzalez filed an amended complaint in which he specified that Local 1575 violated article XIV, section 1 of its constitution by failing to pay him his 2003 Christmas bonus, the employer's contributions to the pension plan, and twelve months of medical plan payments.  (Docket No. 1-7)  The local rule referenced by Padilla-Gonzalez states that "[s]yndical work performed for the Union and/or in representation of the same will be paid based on the maximum salaries and fringe benefits that the Union may have obtained during the negotiations and collective bargaining agreements for the members of the Union."   (Id.; Docket No. 11) Defendant removed the case to federal court pursuant to 28 U.S.C. § 1446(b) on April 5, 2007, alleging federal jurisdiction based on section 301(a) of the Labor Management Relations Act ("section 301(a)"), 29 U.S.C. § 185(a).   (Docket No. 1)

## Standards

## I.   Motion to Remand for Lack of Subject Matter Jurisdiction

A defendant may remove a case filed in state court to federal court only when the action could have been originally filed in federal court.  28 U.S.C. § 1441; Caterpillar Inc. v. Williams, 482

---

[3] The document referred to by Local 1575 in the Notice of Removal, (Docket No. 1), as the "by-laws" is entitled Constitution and Rules of Local Union 1575, (see Docket No. 11), and will be referred to as Local 1575's constitution.

U.S. 386, 392 (1987).  In the absence of complete diversity, there
must be federal-question jurisdiction pursuant to 28 U.S.C. § 1331
for the federal court to hear the case.  Caterpillar Inc., 482 U.S.
at 392.  Jurisdiction is determined by examining the well-pleaded
complaint from state court, not the possible defenses that could be
raised in the answer.  See e.g., Louisville & Nashville R.R. v.
Motley, 211 U.S. 149, 152 (1989); American Policyholders Ins. Co.
v. Nyacol Products Inc., 989 F.2d 1256, 1262 (1st Cir. 1993).
When a party questions the propriety of a removal petition, the
removing party bears the burden of showing that removal is proper.
See, e.g., Danca v. Private Health Care Systems, 185 F.3d 1, 4 (1st
Cir. 1999) (citing BIW Deceived v. Local S6, Indus. Union of Marine
and Shipbuilding Workers of America, 132 F.3d 824, 831 (1st Cir.
1997)).  Removal statutes are strictly construed against removal.
See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09
(1941).  When plaintiff and defendant clash about jurisdiction,
however, "all doubts should be resolved in favor of remand."  Boyer
v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting
Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006,
1010 (3d Cir. 1987)).  "If at any time before final judgement it
appears that the district court lacks subject matter jurisdiction
[over a case removed from state court], the case shall be
remanded."  18 U.S.C. § 1447(c); see American Policyholders Ins.
Co., 989 F.2d at 1264 (vacating dismissal and ordering the district

court to "return the improvidently removed action to the court from whence it emanated").

## II.  Section 301(a) of the LMRA, 29 U.S.C. § 185(a)

The doctrine known as complete pre-emption is an exception to the well-pleaded complaint rule.  Caterpillar Inc., 482 U.S. at 393; Danca, 185 F.3d at 4.  "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Capterpillar Inc., 482 U.S. at 393 (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 24 (1983)).  The complete pre-emption doctrine applies to section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 406 n.5 (1988)(noting that the pre-emptive force of section 301(a) is so powerful as to "displace entirely any state cause of action" (quoting Franchise Tax Bd. of Cal., 463 U.S. at 23)); see Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210-11 (1985).

Section 301(a) provides that "[s]uits for a violation of contract between an employer and a labor organization representing employees in an industry affecting commerce . . . or between any such labor organizations, may be brought in any [federal] district court . . . without respect to the amount in controversy or . . . citizenship of the parties."  29 U.S.C. § 185(a).  In construing

this provision, the Supreme Court has explained that Congress intended for labor contracts to be evaluated under a federal standard in order to avoid conflicting interpretations at the state and federal level that could inhibit the formation of collective bargaining agreements ("CBAs"). Allis-Chalmers Corp., 471 U.S. at 210 (citing Teamsters v. Lucas Flour Co., 369 U.S. 95, 103-04 (1962)). Therefore, "[w]hen resolution of a state-law claim is substantially dependent on the analysis of the terms of an agreement between the parties in a labor contract, that claim must either be treated as a § 301 claim . . . or dismissed as pre-empted by federal labor-contract law." Id. at 220.

## Discussion[4]

### I.   Contracts Between Unions Under Section 301(a)

Local 1575 alleges that there is federal jurisdiction in this case because its constitution is a contract between unions under section 301(a). The Supreme Court has held that national union constitutions "that prescribe the legal relationship and the rights and obligations between the parent and affiliated locals" are contracts between unions within the meaning of section 301(a). United Ass'n of Journeymen v. Local 334, United Ass'n of Journeymen, 452 U.S. 615, 624, 621 (1981). In so holding, the

---

[4] Although Local 1575 only argues that its constitution provides for jurisdiction in this case, the Court, in the interest of completeness, addresses the issue on two additional grounds: whether the claims concern an individual employment contract and whether any CBA needs to be interpreted.

Supreme Court focused on the potential disputes between local and parent unions that could arise under these constitutions and the consequential negative impact on industrial peace.  Id. at 623. The Court specifically addressed the legal relationship between local and parent; it did not discuss violations of local constitutions.  Id. at 623-24.

Lower courts have differed on the issue of whether local union constitutions and bylaws are contracts between unions pursuant to section 301(a).  Compare Korzen v. Local Union 705, Int'l Bhd. of Teamsters, 75 F.3d 285, 288 (7th Cir. 1996) ("[C]onstitution of a local union . . . is a contract between the union and its members . . . in the same way that a corporate charter is contract between corporation and shareholders . . . and . . . is not within the scope of section 301."); and Rider v. Macaninch, 424 F.Supp.2d 353, 361 n.4 (D.R.I. 2006) ("[A] local affiliate's constitution is not deemed a contract between labor organizations."); and Int'l Bhd. of Elec. Workers, Local Union 640 v. Dueck, 148 F.Supp.2d 955, 963 (D.Ariz. 2000) (finding that a violation of a union constitution only falls under section 301(a) if a breach implicates contract between two unions); with Wall v. Constr. & General Laborers' Union, Local 230, 224 F.3d 168, 178 (2d Cir. 2000) (finding state law claims concerning local's constitution pre-empted by section 301(a)).  Although the First Circuit Court of Appeals has not decisively ruled on this issue, in Local Union 1219, United. Bhd. of Carpenters v. United Bhd. of Carpenters, it found federal

jurisdiction over a suit by a local against the parent union because the suit concerned their contractual relationship and was "not intended to enforce internal customs and practices of the unions." Local Union 1219, United. Bhd. of Carpenters v. United. Bhd. of Carpenters, 493 F.2d 93, 95-96 (1st Cir. 1974). The analysis in Local Union 1219 depended on the contract between two unions, the local and the parent. Id.

This court agrees with the Seventh Circuit Court of Appeals in Korzen that a purely local constitution is not a contract between labor organizations under section 301(a). As the court in Korzen acknowledged, local constitutions concern the relationship between individual members and the local, not between two unions. 75 F.3d at 288. The text of section 301(a) clearly mandates a contract between two unions. See 29 U.S.C. § 185(a). Further, "pre-emption should not be lightly inferred in this area, since the establishment of labor standards falls within the traditional police power of the State." Lingle, 486 U.S. at 412 (quoting Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 21 (1987)). The Court accordingly disagrees with Local 1575's assertions and holds that the local constitution, in particular article XIV, section I, does not constitute a contract between unions pursuant to section 301(a).

## II.  Individual Employment Contracts

An individual employee that is a beneficiary of a contract between two unions or between an employer and a union may sue under section 301(a) for violations of that contract.  See Wooddell v. Int'l Bhd. of Elec. Workers, Local 71, 502 U.S. 93, 101 (1991). Violations of an individual employment contract, however, do not invoke section 301(a) even if the employer is a union. Caterpillar, 482 U.S. at 394; Korzen, 75 F.3d at 288.  A private employment contract is not a contract between an employer and a labor organization or between labor organizations.  Marion v. Va. Elec. & Power Co., 52 F.3d 86, 88 (4th Cir. 1995); Kunz v. United Food & Commercial Workers Local 876, 5 F.3d 1006, 1009 (6th Cir. 1993).  For a union employee's complaint to fall under section 301(a), it must do more than simply address employee status, it must also involve union membership rights.  Yerdon v. Henry, 91 F.3d 370, 379 (2d Cir. 1996).

Padilla-Gonzalez is alleging a violation of his employment contract while he was an employee of Local 1575.  In Kunz v. United Food & Commercial Workers Local 876, the plaintiff was also an employee of the union itself suing for discharge in violation of an alleged employment contract.  5 F.3d at 1008-09.  The Sixth Circuit Court of Appeals found that the plaintiff's individual employment contract was not a CBA, nor a contract between an employer and a union, and therefore held that it did not fall under section

301(a).  Id. at 1009.  The court noted that the employee was not a party to a CBA and could not point to any CBA that had been breached.  Id.  This case also concerns individual employee benefits.  Local 1575 acted as Padilla-Gonzalez's employer.  The claims do not concern his union membership rights, but rather his status as an employee.  Therefore, the court finds that Padilla-Gonzalez's claims arise from an individual employment contract which does not fall under federal jurisdiction pursuant to section 301(a).

## III. Interpreting Versus Referencing a CBA

The Court acknowledges that part of Padilla-Gonzalez's employment contract, the provision of the constitution quoted in his amended complaint, refers to the best benefits the union was able to secure for its members via CBAs.  If Padilla-Gonzalez's claims were to require analysis of a CBA, they would fall under section 301(a).  See, e.g. Allis-Chalmers Corp., 471 U.S. at 220.  If, however, his claims can be resolved without interpreting the CBA, in other words if they merely require referencing it, then they do not fall under section 301(a).  See Livadas v. Bradshaw, 512 U.S. 107, 124 (1994).  The Court needs carefully to "locate the line between the need for mere consultation of a CBA, which does not demand federal pre-emption, and more active interpretation of that agreement, which does pre-empt the state law claims."  Alfaro v. Crowley Liner Services, Inc., 294 F.Supp.2d 143, 145 (D.P.R.

2003) (quoting Fant v. New Eng. Power Serv. Co., 239 F.3d 8, 14 (1st Cir. 2001)); see Livadas, 512 U.S. at 124.  Purely factual inquiries into employee conduct or wage rates in an agreement do not require interpretation of a CBA.  See Livadas, 512 U.S. at 125; Adames v. Executive Airlines Inc., 258 F.3d 7, 12 (1st Cir. 2001). On the other hand, determining if a CBA is inconsistent with state law and applying broad language does require interpretation.  See Biagini v. Berkshire Concrete Corp., 190 F. Supp. 2d 170, 175 (D. Mass. 2002).

The court has twice asked the parties to submit any documents, including CBAs, that would be relevant to resolving Padilla-Gonzalez's claims.  (See Docket Nos. 8 & 13)  Padilla-Gonzalez submitted a copy of Local 1575's constitution.[5]  (Docket No. 11) Local 1575 has twice failed to submit the requested documents, even after the court specified that it was looking for CBAs as they were mentioned in the local constitution.  (See Docket No. 13)  The court notes that a proper determination of whether a CBA needs to be interpreted rather than referenced requires examination of the text.  In light of this missing information, the court is unable to

---

[5] Padilla-Gonzalez submitted a second copy of the local constitution labeled as a CBA on July 17, 2009.  (Docket No. 16) He also submitted a blank table that was meant to describe the benefits per hour accrued for 2003.  Id.  The Court is unsure if this was an inadvertent mistake, but notes that the submission has no impact on its analysis.  Local 1575 had the burden of proving subject matter jurisdiction and failed to produce the requested documents in response to two separate court orders.

find that the CBA requires interpretation, a necessary prerequisite to federal jurisdiction in this case.

"The mere need to 'look to' the collective-bargaining agreement for damages computation is no reason to hold the state-law claim defeated by § 301." Livadas, 512 U.S. at 125. Padilla-Gonzalez claims Local 1575 violated their constitution by failing to make certain payments. The local rule he points to, article XIV, section 1, refers to CBAs that set the standard for salaries and benefits. (See Docket No. 11 at 9)  This appears to be a referral to a CBA for damage computation. As in Livadas, "the simple need to refer to bargained-for wage rates in computing the penalty" does not require interpretation of the CBA. 512 U.S. at 125. At first glance, Adames v. Executive Airlines, Inc. seems controlling because the plaintiff had similar claims for overtime pay, vacation, and Christmas bonuses. 258 F.3d at 14-16. The First Circuit Court of Appeals found that the claims required interpretation of the CBA and were therefore pre-empted by the Railway Labor Act, 45 U.S.C. § 184. Id. The analysis focused on the need to compare state labor laws to the CBA, the presence of broad terms that would require examinations of industry standards and extrinsic evidence, and the need for complicated calculations. See id. at 12-13. Unlike Adames, in this case there has been no indication that complex calculations are required or that industry standards are necessary to determine the meaning of CBA provisions. Local 1575 was in a position to demonstrate that interpretation of

a CBA was required, yet failed to provide the court with any evidence after two requests. Thus, the court finds that Padilla-Gonzalez's claims only require reference to a CBA, not its interpretation.

## Conclusion

Local 1575 had the burden of demonstrating the court's subject matter jurisdiction in this case. In light of the union's failure to meet this burden and the principle that "all doubts should be resolved in favor of remand," Boyer, 913 F.2d at 111, the court finds that: 1) the local constitution is not a contract between unions under section 301(a); 2) Padilla-Gonzalez's claims involve an individual employment contract not covered by section 301(a); and 3) that any CBA need only be referenced to calculate damages, not interpreted. The Court does not have subject matter jurisdiction over this case.

For the foregoing reasons, the Court **GRANTS** Padilla-Gonzalez's motion to remand for lack of subject matter jurisdiction. This case is remanded to the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Division. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 22, 2009.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE